IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. MCGLINCHEY, III : | CIVIL ACTION | |
| Plaintiff, : | | |
| : | | |
| v. : | |  |
| : | | |
| MICHAEL B. WEINTRAUB, et al. : | NO. 17-3307 | |
| Defendants. : | | |

### MEMORANDUM

TUCKER, J.　　　　　　　　　　　　　　　　　　　　　　OCTOBER 27, 2017

Plaintiff John F. McGlinchey, III, a prisoner incarcerated at the State Correctional Institution at Coal Township, was the victim of an assault in 2006. In this civil action, he raises claim based on his assailant's failure to make payments on court-ordered restitution. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I.　FACTS[1]

Plaintiff was the victim of an assault in 2006. The assailant, Charles Augustus Gischel Jr. was charged criminally in the Bucks County Court of Common Pleas, and pled guilty to simple assault, disorderly conduct, and harassment. He was sentenced to two years of probation and directed to pay restitution to plaintiff in the amount of $7,866.50.

Gischel has repeatedly failed to make restitution payments to plaintiff as ordered. It appears that Gischel was found to have violated probation three times, apparently for failing to make

---

[1] The following facts are taken from the complaint and the public docket for the criminal proceeding that was initiated against plaintiff's assailant.

1

payments toward his obligations, and that the account was referred to a collection agency for several years. In 2014, his probation was terminated, although his obligation to pay restitution remains open. Gischel still owes plaintiff $6,485.50. According to the complaint, he has not made any payments since 2015.

Plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983 against the Bucks County District Attorney (Matthew Weintraub) and the probation/parole officer responsible assigned to Gischel.[2] He also appears to be bringing claims against Gischel, although Gischel is not named as a defendant in the caption as required by Federal Rule of Civil Procedure 10. Plaintiff alleges that, as the victim, he only agreed to a non-custodial sentence because Gischel was required to make monthly payments to him for restitution. Plaintiff brings claims against the District Attorney and probation/parole officer for failing require Gischel to make good on his restitution obligations and for failing to arrest Gischel more frequently for violating probation. Plaintiff also alleges that his case should not have been referred to a collection agency. In light of Gischel's failure to pay, Plaintiff wants Gischel to be arrested, held in contempt for failing to pay restitution, and incarcerated. He would also like to force the sale of Gischel's possessions to satisfy his restitution obligation.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in

---

[2] That defendant is identified as "John Doe or Mark Kauffman," but appears to be one person.

[3] As plaintiff is incarcerated, he is obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

The Court is sympathetic to plaintiff's situation, as it is unfortunate that Gischel has not made regular payments toward restitution. However, there is no basis for a federal lawsuit here. Plaintiff raises claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights based on the District Attorney and probation/parole officer's failure to force Gischel to make restitution payments and/or arrest Gischel for violating probation when he failed to do so. To the extent he seeks Gischel's arrest or prosecution, his claims fail because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal

proceedings."). Nor is there any other basis for a claim based on the District Attorney or probation/parole officer's inability to require Gischel to abide by his obligation to plaintiff.

Plaintiff also cannot state a constitutional claim against Gischel because Gischel is not a state actor subject to liability under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Even if plaintiff had a basis for a claim under state law, the Court lacks jurisdiction over any such claim because it is not clear that the parties are diverse and the amount in controversy is far below the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332. Plaintiff may wish to contact the state court or the Office of Victim Advocate to determine what avenues are available to him to help collect on the restitution he is owed.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.